MARY A. RICHARDSON vs. THE EMPLOYERS' LIABILITY
ASSURANCE CORPORATION, LIMITED.

Worcester. November 12, 1936. — June 28, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Deceit. Fiduciary.*

An adjuster for an insurer under the workmen's compensation act had no fiduciary relation, as such, to an employee's widow entitled to compensation; and representations, made by the adjuster to her and relied on by her, that under an agreement for compensation she would receive weekly payments for four hundred weeks "absolutely without any future contingency," and his failure to tell her that under the act such payments would cease on her remarriage, did not entitle her to maintain an action of deceit against the insurer.

TORT. Writ in the Superior Court dated May 4, 1932.

The action was tried before *Whiting*, J., who ordered a verdict for the defendant. The plaintiff alleged an exception.

*J. H. Mathews & F. P. McKeon*, for the plaintiff, submitted a brief.

*C. C. Milton*, for the defendant.

PIERCE, J. This is an action of tort, tried to a jury, wherein the plaintiff seeks to recover the difference between $4,000 and $1,100. The latter amount was received by her from the defendant, under an agreement to pay her the benefits to which she was entitled as the widow of a man killed in an industrial accident. The agreement provided for weekly payments of $10 for four hundred weeks, and in conformity to the provisions of G. L. c. 152, § 31, as amended, payments would terminate if the widow remarried. The agreement was signed by the plaintiff and was filed with, and approved by, the department of industrial accidents, under the provisions of G. L. c. 152, § 6, on March 10, 1927. The plaintiff received $1,100 in weekly payments of $10 over a period of about two years, and then, on February 8, 1929, she married her present husband. Upon learning of the

marriage the defendant terminated payments in accordance with the statute.

All the evidence material to the issue raised by the plaintiff's amended declaration is set forth in her bill of exceptions. At the close of the plaintiff's evidence the judge allowed the defendant's written motion for a directed verdict in its favor. The plaintiff excepted.

The evidence printed in the bill of exceptions discloses that the plaintiff's then husband (William J. Cole), on November 30, 1926, was employed as a painter by Lewis F. Perry's Sons Company; that on that day he received physical injuries which resulted in his death on December 12, 1926; that said injuries arose out of and in the course of his employment; that said injury and death were the result of his falling from a staging erected by the E. J. Cross Company, which was not his employer. The plaintiff bases her right to the benefit to which she would have been entitled had she not remarried, upon the alleged statements of an agent of the defendant, one Charles F. Patterson, in substance that her claim at common law against the E. J. Cross Company did not look favorable; that if she proceeded against the E. J. Cross Company and was unsuccessful in getting compensation from that company, or its insurer if it had one, she could not then recover compensation from the defendant; that if she accepted compensation from the defendant, she would get $4,000 payable weekly for about four hundred weeks; and that she would collect this $4,000 absolutely in any event. She testified that he did not inform her that if she remarried compensation would cease; that she said to Patterson, "Can I depend on your word for this?" and "He said, 'Absolutely. There is nothing to stand in your way of getting every dollar until the whole $4,000 has been paid, which will take approximately eight years. There isn't anything to stand in your way of getting every dollar of this, and if you sign this it is for your own good.'" So far as appears by the evidence the plaintiff relied upon the above statements and neither directly nor indirectly examined the provisions of G. L. c. 152 to ascertain the limitations, if any, upon her rights under the agreement.

The evidence discloses no fraud upon which this action for deceit could be based. The fact that the evidence warranted findings that Patterson advised as to the doubtful value of her claim against the E. J. Cross Company, and advised that she should accept compensation under the act (G. L. c. 152); that he stated that she would get $4,000, payable over a period of four hundred weeks, absolutely without any future contingency; that she depended upon his integrity in accepting the agreement to pay $4,000; and that Patterson did not tell her that the agreement would be affected by her remarriage, would not warrant a finding that there existed between the plaintiff and Patterson such a relation of trust and confidence as put upon Patterson the duty of ascertaining from the plaintiff the extent of her knowledge respecting the effect of remarriage upon the agreement. In the case at bar there is no evidence of any misrepresentation of fact; and no evidence that Patterson, by reason of the trust and confidence reposed in him, had taken advantage of his own superior knowledge and of the plaintiff's ignorance to deceive her and induce her to sign the agreement. We find no evidence to support the plaintiff's claim.

The motion for a directed verdict for the defendant was granted rightly.

*Exceptions overruled.*